**UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EMILY VALLES,<br>Administrator of the Estate of Jamie Gonzalez, AKA Jaime Gonzalez, | 1:16-cv-04757-NLH-KMW<br><br>**MEMORANDUM<br>OPINION & ORDER** |
| Plaintiff, | |
| v. | |
| CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, and JASON CORLEY, | |
| Defendants. | |

**APPEARANCES:**

RYAN MARC LOCKMAN
MARK FROST & ASSOCIATES
1515 MARKET STREET
SUITE 1300
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff*

**HILLMAN, District Judge**

   WHEREAS, on August 4, 2016, Plaintiff Jaime Gonzalez filed through counsel a complaint alleging that he had been subjected to excessive force while he was a pre-trial detainee at the Cumberland County Jail in 2014; and

   WHEREAS, Gonzalez died in late 2016 and was replaced as the formal Plaintiff in this matter by his mother, Emily Valles, acting as the administrator of Gonzalez's estate (see Docket No. 29); and

WHEREAS, on August 28, 2019, the Court granted the motion for summary judgment filed by Defendants Cumberland County and Warden Robert Balicki, and those Defendants were dismissed from the action[1]; and

WHEREAS, as a result of the Court's August 28, 2019 Opinion, the only remaining defendant in the action is Defendant Jason Corley, against whom Plaintiff has asserted claims for excessive force and failure to treat Gonzalez's injuries; and

WHEREAS, after Corley was served with Plaintiff's complaint and failed to respond, on October 11, 2019, Plaintiff requested that the Clerk enter default against Corley, which the Clerk did that same day; and

WHEREAS, on October 15, 2019, Plaintiff filed a Motion for Default Judgment as to Gonzalez's claims against Corley; and

WHEREAS, a party seeking default judgment "is not entitled to a default judgment as of a right," Franklin v. Nat'l Maritime Union of Am., No. 91-480, 1991 U.S. Dist. LEXIS 9819, at *3-4

---

[1] In their motion for summary judgment, Defendants argued that they were entitled to summary judgment on Plaintiff's claims against them for two reasons: (1) Plaintiff had, through discovery, produced insufficient evidence to make out his underlying claim that he was the subject of an assault by Officer Corley, and (2) because Plaintiff had in any event failed to provide any evidence or testimony tending to show that the policies or customs put in place by the jail and Defendant Balicki caused any such assault if it did occur. The Court agreed. (Docket No. 64.)

2

(D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992); and

WHEREAS, the decision to enter a default judgment is "left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); and

WHEREAS, before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006)); and

WHEREAS, the Court has reviewed Plaintiff's Motion for Default Judgment and finds that Plaintiff's Motion for Default Judgment is deficient because Plaintiff does not include in her brief an explanation as to why she is entitled to default judgment, on what claims she is entitled to default judgment, the elements of those claims and how she has shown each of those elements, the appropriate measure of damages under those claims, and what damages she is entitled to,[2] see e.g., Qu Wang v. Fu

---

[2] The Court notes that in its August 28, 2019 Opinion, the Court found relative to Plaintiff's claims against the other defendants that "Plaintiff has presented no admissible evidence sufficient to permit a jury to find in his favor insomuch as he

3

Leen Meng Restaurant Limited Liability Company, 2018 WL 1027446, at *2 (D.N.J. 2018) (explaining the factors a court must consider in assessing a motion for default judgment); and

WHEREAS, in light of those deficiencies, this Court finds it cannot enter default judgment against Corley in Plaintiff's favor;

THEREFORE,

IT IS on this ___30th___ day of ___October___, 2019

ORDERED that Plaintiff's Motion for Default Judgment [69] be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff shall file a new motion for default judgment which addresses the deficiencies noted herein within fifteen (15) days of this Order.

s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

has presented no admissible evidence showing that Corley attacked or assaulted Plaintiff . . . ." (Docket No. 64 at 26.)