UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMILY VALLES,<br>Administrator of the Estate of Jamie Gonzalez, AKA Jaime Gonzalez,<br><br>  Plaintiff,<br><br>  v.<br><br>CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, and JASON CORLEY,<br><br>  Defendants. | 1:16-cv-04757-NLH-KMW<br><br>**OPINION** |

**APPEARANCES:**

JOSEPH P. GUZZARDO
MARK FROST & ASSOCIATES
1515 MARKET STREET
SUITE 1300
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff.*

**HILLMAN**, District Judge

   This matter comes before the Court on motion of Plaintiff Emily Valles, as administrator for the estate of Jaime Gonzalez,[1] for default judgment against the only Defendant remaining in

---

[1] Gonzalez died in late 2016 and was substituted out as the formal Plaintiff in this matter by his mother, Emily Valles, acting as the administrator of Gonzalez's estate.  See (ECF No. 29).  Gonzalez and his estate will be referred to herein as "Plaintiff."

this action, Jason Corley ("Defendant").[2]  For the reasons below, Plaintiff's motion will be granted.

## BACKGROUND

On August 4, 2016, Plaintiff filed this action alleging he was the victim of unlawful excessive force at the hand of Defendant, a former correctional officer, while a pre-trial detainee at the Cumberland County Jail in 2014.  Plaintiff recounts that a fight broke out in his housing unit.  Plaintiff was not involved in this fight.  Nonetheless, Defendant approached Plaintiff and struck him in the face with a fist and set of keys.  As a result, Plaintiff fell to the ground, hit his head, and sustained a concussion.  Plaintiff alleges Defendant violated 42 U.S.C. § 1983 and the Eighth Amendment's prohibition against cruel and unusual punishment when Defendant used excessive and unnecessary forces against Plaintiff (counts one and three).  Plaintiff pursues a related claim under the New Jersey Civil Rights Act, N.J. Stat. Ann. 10:6-2, *et seq*. ("NJCRA") (count five).  Plaintiff also alleges Defendant assaulted and battered him (count four).

---

[2] On August 28, 2019, the Court granted a motion for summary judgment filed by defendants Cumberland County and Warden Robert Balicki, and those Defendants were dismissed from the action. (ECF No. 65).  As a result of the Court's August 28, 2019 Order, the only remaining defendant in the action is Defendant Corley.

2

Because this action arises out of Defendant's employment with the Cumberland County Jail, the County provided Defendant with a defense and appointed-counsel entered an appearance in this action on his behalf.  Thereafter, on August 17, 2017, counsel for Defendant moved to withdraw its appearance, in large part because Defendant was not responsive and failed to partake in the discovery process.  The Court granted counsel's motion to withdraw on October 23, 2017. (ECF No. 34)  Since then, Defendant has not participated in this action.  As such, on October 11, 2019, Plaintiff requested default be entered. (ECF No. 68).  The Clerk entered default against Defendant that same day.

On October 15, 2019, Plaintiff first moved for default judgment, which this Court denied without prejudice after finding Plaintiff had not submitted a brief in support of the motion.  (ECF No. 70).  Plaintiff renewed his motion on November 6, 2019.  (ECF No. 71).  Defendant has not responded to Plaintiff's renewed motion and the time within which to do so has expired.  As such, this motion is ripe for adjudication.

## DISCUSSION

I.  **Subject Matter Jurisdiction**

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3

## II. Plaintiff's Motion For Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on the merits whenever practicable.'" Id. (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)).

"Although the Court should accept as true the well-pleaded allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Id. at 535-36 (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Id. at 536 (quoting Asher, 2006 WL 680533, at *1).

4

Once a valid claim has been asserted, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.85 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

The Third Circuit does not favor defaults. Cyprus Mines Corp. v. M & R Indus., Inc., No. 14-cv-04590-NLH, 2015 WL 1469529, at *8 (D.N.J. Mar. 30, 2015) (citing Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983)). Where, however, a properly served defendant has failed to defend itself against plaintiff's claims, it must expect that a judgment may be entered against it. Id. (citing Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *4 (D.N.J. Dec. 21, 2010)).

A. Defendant Has Been Properly Served

Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure authorizes service upon an individual by "leaving a copy of [the summons and complaint] at the individual's dwelling place or usual place of abode with someone of suitable age and discretion who resides there." United States v. Floyd, No. 12-cv-1890-JBS-KMW, 2015 WL 5771137, at *2 (D.N.J. Sept. 30, 2015) (citing Fed.

5

R. Civ. P. 4(e)(2)(B)).  Plaintiff submits an affidavit of service reflecting that Defendant was served by leaving a copy of the summons and complaint with a co-resident of Defendant's home of suitable age.  (ECF No. 71-3).  Such satisfies this Court that Defendant was properly served.

B. Plaintiff Has Alleged Colorable Claims

The Court addresses each of Plaintiff's claims in turn to determine whether legitimate causes of action have been advanced.  Chanel, 558 F. Supp. 2d at 536.

1. Plaintiff Sufficiently Pleads Claims For Assault and Battery

A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension."  Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009) (quoting Wigginton v. Servidio, 734 A.2d 798 (N.J. Super. Ct. App. Div. 1999)).  The tort of battery rests upon a nonconsensual touching.  Id. (citing Perna v. Pirozzi, 457 A.2d 431 (N.J. 1983)).  Plaintiff has sufficiently alleged he was assaulted and battered when Defendant approached him and struck him with a fist full of keys.  As such, the Court finds these claims legitimate and viable.

2. Section 1983, Eighth Amendment, Fourteenth Amendment, and NJCRA Claims

As the Supreme Court has long held, 42 U.S.C. § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94, 109 S. Ct. 1865, 1870–71, 104 L. Ed. 2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S. Ct. 2689, 2694, n. 3, 61 L. Ed. 2d 433 (1979)).  In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force.[3]  Id. (quoting Baker, 443 U.S. at 140, 99 S. Ct. 2692) ("The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged").  In this case, Plaintiff's claims arise under the Fourteenth Amendment.[4]  Therefore, the Court looks to

---

[3] Because the NJCRA largely mirrors Section 1983, see Tumpson v. Farina, 95 A.3d 210, 224 (N.J. 2014), the Court addresses these claims together.

[4] While Plaintiff purports to advance a claim under the Eighth Amendment's ban on cruel and unusual punishment, the Eighth Amendment does not apply to pre-trial detainees.  See Graham, 490 U.S. at 392 n.6 (stating in dictum that the view that "the Eighth Amendment's protections [do] not attach until after conviction and sentence" was "confirmed by Ingraham v. Wright, 430 U.S. 651, 671 [] (1977)"); see Fuentes v. Wagner, 206 F.3d 335, 347 (3d Cir. 2000) (holding that the status under the Constitution of a convicted inmate awaiting sentence is "that of a pretrial detainee").  Instead, the Fourteenth Amendment governs claims advanced by a pre-trial detainee.  Mestre v.

7

the standards governing the rights guaranteed by the Fourteenth Amendment. Id. (citations omitted).

In Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), the Supreme Court held that a pretrial detainee must show only that the force used was "objectively unreasonable" in order to prevail on an excessive force claim. It noted that, as to the defendant's "physical acts," such as swinging a fist into a face, the defendant "must possess a purposeful, a knowing, or possibly a reckless state of mind." Id. at 2472.

In order to make out a colorable claim of the type alleged in Plaintiff's complaint, Plaintiff must prove that Defendant used excessive force against him and disregarded his need for medical attention.[5] The Fourteenth Amendment prohibits the

---

Wagner, 488 F. App'x 648, 649 (3d Cir. 2012) (internal citations omitted) ("The Fourteenth Amendment would govern his claims if he were a pretrial detainee, and the Eighth Amendment would govern his claims if he were a convicted prisoner"). As the Third Circuit has noted, the "constitutional protections afforded to a pretrial detainee under the Fourteenth Amendment are *greater* than those provided by the Eighth Amendment." Mestre, 488 F. App'x at 649 n.1. As such, this Court disregards Plaintiff's Eight Amendment claim as imprudently advanced and analyzes Plaintiff's claim exclusively under the Fourteenth Amendment.

[5] Plaintiff advances a claim for medical indifference. The standard to be applied to that claim is less stringent than that imposed on the due process claim, so the Court addresses them together. See Moore v. Luffey, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (quoting Kingsley, 135 S. Ct. at 2472) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

imposition of punishment upon those who have not been convicted of a crime.  See, e.g., Kingsley, 135 S. Ct. 2470-72; Bell v. Wolfish, 441 U.S. 520, 535-39 (1979).  To state such a claim, Plaintiff must show that the jail-official defendant used force against him, and that "the force purposely or knowingly used against him was objectively unreasonable" under the individual facts and circumstances resulting in the use of force.  Kingsley, 135 S. Ct. at 2473.  Plaintiff makes such allegations in his complaint, and therefore, may proceed.

   C. Default Judgment Factors

        1. Prejudice To The Plaintiff If Default Is Denied and Whether Defendant's Delay Is Due To Culpable Conduct

A plaintiff will be prejudiced absent a default judgment where, due to the defendant's continued failure to respond to a plaintiff's claims, the plaintiff is left with no other recourse.  Cyprus Mines, 2015 WL 1469529, at *8 (citing Ford, 2010 WL 5392643 at *4).  This action was initiated on August 4, 2016.  Defendant was properly served with process and counsel entered appearances on his behalf.  Since that time, Defendant has not participated in this action.  Such non-cooperation is set forth in detail in Plaintiff's counsel's motion to withdraw and warrants a finding that Defendant is culpable for his non-compliance.  Absent entry of default judgment, Plaintiff will be prejudiced in pursuing this action against Defendant.  The Court

finds that Plaintiff's inability to pursue this action is the product of Defendant's continuous non-compliance with his former counsel and this Court. Therefore, the Court finds these factors weigh in favor of granting default judgment.

2. Whether The Defendant Appears To Have A Litigable Defense

Because Defendant has not participated in this action, the Court cannot determine whether he possess legitimate defenses. While this Court dismissed other defendants from this action at the summary judgment stage, the claims previously dismissed are markedly different than those pursued against this Defendant. As such, this Court finds this factor neutral in deciding whether to grant default judgment.

3. Default Judgment Will be Granted And Plaintiff Will Be Ordered To Submit Documents In Support Of Its Damages Demands

The Court is satisfied that the default judgment factors collectively weigh in favor of entering judgment in Plaintiff's favor. Next, the Court must address damages.

If damages sought at the default judgment stage are not for a "sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper." Cyprus Mines, 2015 WL 1469529, at *9 (quoting Fed. R. Civ. P. 55(b)(1)-(2)). A "court may conduct hearings or make referrals . . . when, to

enter or effectuate judgment, it needs to conduct an accounting [or] determine the amount of damages." Id. (quoting Fed. R. Civ. P. 55(b)(1)-(2)).  Because Plaintiff does not seek a sum certain, further proceedings are required before ascertaining the amount judgment should be entered for.  Therefore, Plaintiff will be ordered to submit its proofs and a brief in support of its application for any damages award.

## CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's motion for default judgment (ECF No. 71).  Plaintiff will be ordered to prove-up its damages demands.  An appropriate order will be entered.


Date:_June 10, 2020__          s/ Noel L. Hillman   ___
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.