**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EMILY VALLES, Administrator of the Estate of Jamie Gonzalez, AKA Jaime Gonzalez,<br><br>    Plaintiff,<br><br>    v.<br><br>CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, and JASON CORLEY,<br><br>    Defendants. | No. 1:16-cv-04757-NLH-KMW<br><br><br>**MEMORANDUM OPINION & ORDER** |

**HILLMAN**, District Judge

   WHEREAS, Plaintiff filed a complaint against Defendants Cumberland County, Warden Robert Balicki, and Jason Corley on August 4, 2016 (ECF No. 1); and

   WHEREAS, on August 28, 2019, this Court granted Defendants Cumberland County and Robert Balicki's motion for summary judgment(ECF 65); and

   WHEREAS, on November 6, 2019, Plaintiff filed a motion for default judgment against Defendant Jason Corley; and

   WHEREAS, on June 10, 2020, this Court issued an Opinion and Order granting Plaintiff's motion for default judgment(ECF No. 74 and 75); and

   WHEREAS, the Court's June 10, 2020 Order directed Plaintiff to "submit its proofs regarding the scope of any damages award

requested, along with a brief, not to exceed fifteen (15) pages, in support of that application" within thirty (30) days; and

WHEREAS, Local Civil Rule 41.1(a) provides that "Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party"; and

WHEREAS, Plaintiff has not filed any submission regarding its proofs as directed by the Court's June 10, 2020 Order; and

WHEREAS, on February 25th, 2021, the Court entered an Order to Show Cause, directing "that Plaintiff shall have fifteen (15) days to show cause for why this action should not be dismissed for lack of prosecution;" and

WHEREAS, Plaintiff has failed to file a response or otherwise contact the Court; and

WHEREAS, in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit outlined the following factors that should be considered prior to dismissing a case: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense; and

 WHEREAS, while the Court's prior granting of Plaintiff's motion for default judgment weighs in favor of the meritoriousness of its claim, the Court finds that Plaintiff's failure to respond to both the Court's June 10, 2020 Order directing Plaintiff to "submit its proofs regarding the scope of any damages award requested" and the Court's February 25, 2021 Order to Show Cause demonstrates: (1) Plaintiff's "lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel," Poulis, 747 F.2d at 868; (2) Defendant, although in default, is prejudiced by an outstanding civil action and potential damages award against it that Plaintiff fails to prosecute or otherwise pursue; (3) Plaintiff has failed to contact the Court or otherwise appear in this action since filing the Motion for Default Judgment on November 16, 2019 (ECF 71), and has failed to respond to either of the Court's two previous orders outlined above; (4) it appears that Plaintiff's inaction is intentional,

as there is no indication that this Court's Order to Show Cause was not successfully transmitted to Plaintiff; and (5) no sanction other than dismissal would be effective based on Plaintiff's failure to respond to this Court's June 10, 2020 Order or its February 25, 2021 Order to Show Cause; and

WHEREAS, this Court finds that the Poulis factors weigh in favor of dismissing Plaintiff's complaint.

THEREFORE,

IT IS HEREBY on this 24th day of March, 2021

ORDERED that Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute this case.

At Camden, New Jersey

/s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.